IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT CAESAR, : | |
|         Petitioner, : | |
| : | |
| v. : | Civ. No. 19-2398 |
| : | |
| D.F. OBERLANDER, et al., : | |
|         Respondents. : | |

**O R D E R**

Lamont Caesar has filed *pro se* objections to Magistrate Judge Heffley's Report, recommending denial of his habeas Petition. (Doc. Nos. 11, 16); 28 U.S.C. § 2254. I will overrule his objections, adopt Judge Heffley's Report, and deny his Petition.

**I.**     **LEGAL STANDARDS**

I must review *de novo* those portions of the Report to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Judge Heffley's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

I may grant habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's decision must be "objectively unreasonable";

I may not grant relief "merely because [I] conclude that the state court applied federal law erroneously or incorrectly." Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005); see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").

I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief." United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

**II.    BACKGROUND**

After Caesar committed three gunpoint robberies, shooting and seriously injuring four people, he pled guilty in Philadelphia Common Pleas Court to: two counts of attempted murder, four counts of aggravated assault, seven counts of robbery, three counts of conspiracy, and six violations of Pennsylvania's Uniform Firearms Act. See Dkt. Nos. CP-51-CR-0300183-2005, CP-51-CR-0300191-2005 & CP-51-CR-0900721-2005 (Com. Pl. Ct. Phila. Cty.); (Rep. & Recommendation 1 & n.1, Doc. No 11.) On March 29, 2006, Judge Mazzola imposed an aggregate sentence of 20 to 48 years' imprisonment. (R&R 1.) After initially waiving his direct appeal rights, Caesar had his rights reinstated and unsuccessfully argued to the Superior Court that his sentence was illegally harsh and excessive. Commonwealth v. Caesar, No. 1813 EDA 2009, 2014 WL 10917009, at *1 (Pa. Super. Ct. June 23, 2014).

Caesar filed a timely *pro se* petition under the Post-Conviction Relief Act. He argued that his sentence was unconstitutional because the court imposed a mandatory five-year sentence (on one of Caesar's firearms violations) without a jury first finding necessary elements. (Pet. 7–9, Doc. No. 1.); see Alleyne v. United States, 570 U.S. 99 (2013). Judge Mazzola rejected Caesar's PCRA claims, finding as a fact that the sentencing court had not imposed any mandatory minimum

2

sentence. (Com. Pl. Ct. Nov. 30, 2017 Op. at 9–10, Ex. B to Commonwealth's Response, Doc. No. 11 ("[T]he fact is that [Caesar] was not sentenced under any mandatory sentencing statute nor a weapon enhancement provision, although the Commonwealth had requested that they be used . . . .").) The Superior Court affirmed. Commonwealth v. Caesar, 2575 EDA 2017, 2019 WL 311098, at *4 (Pa. Super. Ct. Jan. 24, 2019).

Caesar then filed the instant Petition. (Doc. No. 1.) Judge Heffley reasoned that his *Alleyne* claim is meritless because he has "provide[d] no evidence or argument contradicting or undermining the state courts' conclusions" that he was not subject to any mandatory sentence. (R&R 7–8.) She continued that because his ineffective assistance argument is derivative of his *Alleyne* claim, it, too, lacks merit.

### III.   OBJECTIONS

Caesar does not question Judge Heffley's rejection of his *Alleyne* and ineffective assistance claims. Rather, his repeated objection is that his sentence was "unauthorized" because the sentencing court did not identify the statutes under which Caesar was sentenced. (Objections to R&R ¶¶ 2, 3, 5, 6.) He also notes that his requests for written sentencing orders have been ignored. (Id. ¶ 4.) I will overrule Caesar's objections.

Caesar never raised his present arguments in the state court. See 28 U.S.C. § 2254(c); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998). These arguments may have been procedurally defaulted because Caesar failed to raise them, despite the opportunity to do so on direct appeal and before the PCRA court. See Dretke v. Haley, 541 U.S. 386, 392–93 (2004); (Commonwealth Opp'n 9 n. **.) Indeed, the record shows that at sentencing, Caesar "did not dispute that the sentences imposed were legislatively permitted." (PCRA Op. 14, Ex. B to Commonwealth's Opp'n (internal quotation marks omitted).) In any event, because Caesar never

3

argued in state court that his sentence was "unauthorized" for the reasons provided in his objections, it is an unavailable basis for habeas relief. Lambert, 134 F.3d at 513.

More significantly, Caesar's objections are meritless. Assuming Caesar's objections relate to his *Alleyne* claim and are properly before me, his arguments are unsupported. Caesar pled guilty to some 18 counts and faced a maximum sentence of 150 years. (PCRA Op. 15.) He was sentenced based on his unconditional guilty plea to these charges, refuting his assertion—which he supports with no evidence— that his sentence was not statutorily authorized. Finally, the Commonwealth notes it has provided Caesar with "copies of the written change-of-plea colloquy form he signed and of the court commitment documents informing the Department of Corrections of what sentences, if any, the Common Pleas Court imposed for each offense to which Caesar pleaded guilty." (Commonwealth's Opp'n 9 n.**.)

Judge Heffley's analysis is undoubtedly correct. Caesar's *Alleyne* claim fails because the record shows that the sentencing court did not sentence him under any mandatory sentencing statute. Caesar has provided nothing to contradict this. *Alleyne* is thus inapposite. Even if Caesar were sentenced under the mandatory provision of the Firearms Act—which he certainly was not— it is nonetheless unclear whether *Alleyne* would apply because Caesar "knowingly admit[ted] the facts necessary for a sentence enhancement in the context of his plea, simultaneously waiving his Sixth Amendment right to a jury trial." United States v. Crossan, 2014 WL 695057 , at *3 (E.D. Pa. Feb. 24, 2014). Accordingly, the state court's decision was far from "objectively unreasonable." Jacobs, 395 F.3d at 100 (3d Cir. 2005).

### IV.  CONCLUSION

**AND NOW**, this 5th day of May, 2020, upon consideration of the pleadings and record herein, and after careful review of Judge Heffley's Report and Recommendation (Doc. No. 1) and

all related filings, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 14) are **OVERRULED**;

2. Judge Heffley's Report and Recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;

3. I will **DENY** Caesar habeas relief without a hearing because the record conclusively demonstrates that he is not entitled to such relief.  See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008);

4. I will not issue a certificate of appealability because reasonable jurists would not debate the correctness of my ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000);

5. **Respondent shall mail a copy of this Order to Caesar**; and

6. The Clerk of Court shall **CLOSE** this case.

                                                    **AND IT IS SO ORDERED.**

                                                    */s/ Paul S. Diamond*

                                                    _____

                                                    Paul S. Diamond, J.